UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALOMON BROTHERS REALTY CORP.** | * | CIVIL ACTION |
| **VERSUS** | * | NO.   03-3214 |
| **DEAN M. BOURGEOIS, ET AL.** | * | SECTION "L"(5) |

## ORDER AND REASONS

Pending before the Court is Ocwen Loan Servicing, L.L.C.'s Motion to Dismiss and Alternative Motion for Summary Judgment (Rec. Doc. 35).  For the following reasons, Ocwen's motion to dismiss is GRANTED.

### I.   BACKGROUND

On September 6, 2001, Salomon Brothers Realty Corp. ("Salomon Brothers") filed a lawsuit in Louisiana's Fortieth Judicial District Court for the Parish of St. John the Baptist against Dean M. Bourgeois and Wendy Mims Bourgeois ("Third-Party Plaintiffs") seeking to enforce a mortgage note on the Third-Party Plaintiffs' property.  On September 29, 2003, the Third-Party Plaintiffs filed a reconventional demand against Salomon Brothers, Litton Loan Servicing LP ("Litton"), Chase Manhattan Mortgage Corp., United States Department of Housing and Urban Development, First Madison Services, Inc., and Ocwen Loan Servicing, L.L.C. ("Ocwen"), which the Third-Party Plaintiffs named as Ocwen Federal Bank, FSB.  The reconventional demand asserted claims under 12 U.S.C. § 2605.  As such, on November 13, 2003, Salomon Brothers and Litton removed the lawsuit to this Court with jurisdiction based upon 28 U.S.C. § 1331.

Since May 20, 2002, Ocwen's registered agent for service of process has been Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802.  On

November 23, 2003, however, the Third-Party Plaintiffs served Ocwen Federal Bank, FSB, P.O. Box 16071, New Brunswick, New Jersey 08906 by certified mail with a summons and a copy of the reconventional demand. This service, however, was ineffective as to Ocwen because Ocwen's agent for Louisiana service of process was not in that location. On March 14, 2005, to rectify its earlier ineffective service, the Third-Party Plaintiffs served Ocwen Federal Bank, FSB, 1675 Palm Beach Lakes Blvd., West Palm Beach, Florida 33401. The Defendants were provided this address by counsel for Salomon Brothers. This service was also ineffective as to Ocwen because Ocwen's registered agent for Louisiana service of process was not in this location.

As of February 6, 2006, the day Ocwen filed the instant motion, Ocwen had not been served. Moreover, as of the date of this Order and Reasons, the docket sheet indicates that Ocwen still has not been served.

## II.    PRESENT MOTION

In its present motion, Ocwen contends that the Third-Party Plaintiffs' claims against it should be dismissed because of their failure to serve it within 120 days from the filing of their reconventional demand.

In opposition, the Third-Party Plaintiffs assert that their failure to timely serve Ocwen was excusable neglect made in good faith and, as such, the Court should grant it additional time to serve Ocwen. The Third-Party Plaintiffs allege that they searched for Ocwen Federal Bank, FSB's registered agent for service of process with the Louisiana Secretary of State's Office. In running a check of the records, no record of a company by this name was registered with the State of Louisiana and, thus, no registered agent for service of process could be retrieved. Additionally, the Defendants contend that Ocwen's web sheet at the Secretary of State's Office

shows a listing for Ocwen; however, this listing does not make a notation that Ocwen was previously known as Ocwen Federal Bank, FSB.  Thus, a search for Ocwen would not have revealed that Ocwen was formerly Ocwen Federal Bank, FSB and, therefore, there would have been no reasonable way for the Third-Party Plaintiffs to know that Ocwen's and Ocwen Federal Bank, FSB's registered agent for service was the same.  Lastly, the Third-Party Plaintiffs assert that they were not aware that Ocwen's name had been changed until July 21, 2005, when Ocwen filed a Motion to Enroll Counsel (Rec. Doc. 27) and an Unoppossed Motion to Vacate and Set Aside Entry of Preliminary Default (Rec. Doc. 29).  Therefore, considering that they searched for Ocwen Federal Bank, FSB's registered agent for service of process, that they made two attempts to serve Ocwen Federal Bank, FSB, and that they only learned of Ocwen's name change on July 21, 2005, the Third-Party Plaintiffs claim that their failure to serve Ocwen was excusable neglect made in good faith and, thus, they are entitled to additional time to effectuate service of process.

### III.  LAW AND ANALYSIS

Before a federal court can exercise jurisdiction over a defendant, a service of summons must be properly served upon the defendant.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Without service of process, a court may not exercise power over a party despite the fact that the party is named as a defendant.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Rule 4 of the Federal Rules of Civil Procedure establishes the procedures applicable to service of process.  Rule 4(m) governs the time limits for effecting service of process.  It provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Good cause" under Rule 4(m) requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Winters v. Teledyne Movible Offshore, Inc.*, 44 F.3d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller, *Federal Practice and Procedure* § 1165 at 622). When service is challeneged, the plaintiff bears the burden of proving "good cause." *Gitz v. St. Tammany Parish Hosp.*, 125 F.R.D. 138, 138 (E.D. La. 1998).

Even assuming that the Third-Party Plaintiffs' failure to serve Ocwen by July 21, 2005 was excusable neglect made in good faith, their failure to serve Ocwen in the time period from July 21, 2005 to the present is neither excusable neglect nor an exercise of good faith. The Third-Party Plaintiffs knew Ocwen's proper name by July 21, 2005. Yet, in the eight months plus since July 21, 2005, the Third-Party Plaintiffs still have not served Ocwen. Even with the effects of Hurricane Katrina, which the Third-Party Plaintiffs do even not urge as an excuse, there is no reason why the Third-Party Plaintiffs should not have been able to search the Secretary of State's records, find Ocwen's correct registered agent for service of process, and have Ocwen served in the time from July 21, 2005 to today. Moreover, the Third-Party Plaintiffs do not offer any reasons why their failure to effectuate service from July 21, 2005 to the present is excusable. Therefore, the Court finds that the Third-Party Plaintiffs have not shown good

cause for their failure and, accordingly, Ocwen is entitled to have the Third-Party Plaintiffs' claims against it dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Ocwen Loan Servicing, L.L.C.'s Motion to Dismiss is GRANTED and Dean M. Bourgeois and Wendy Mims Bourgeois' claims against Ocwen Loan Servicing, L.L.C. are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __4th__ day of __April__, 2006.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE